UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MILWAUKEE GAY ARTS
CENTER, INC.,

        Plaintiff,

        v.                             Case No. 06-C-0792

CITY OF MILWAUKEE,

        Defendant.

DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
WITHOUT PREJUDICE (DOC #3)

Plaintiff, Milwaukee Gay Arts Center, Inc., commenced this action by filing a complaint in Milwaukee County Circuit Court. Subsequently, the City of Milwaukee, removed the case from state court by invoking this court's federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Its motion to dismiss is pending and for the reasons discussed below, the motion will be granted.

Plaintiff states two claims in its complaint: the first alleges a violation of the plaintiff's right to free speech (Compl. ¶¶ 20-21), and second charges that the defendant denied plaintiff due process and equal protection under the Wisconsin and the U.S. Constitutions. (Compl. ¶¶ 22-25) These claims fall under this court's original jurisdiction under 28 U.S.C. §§ 1331 and 1441(a) and (b), and 42 U.S.C. § 1983[1]. (Notice of Removal ¶ 2)

---

[1] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." 42 U.S.C. § 1983 (2004).

In its motion to dismiss, defendant argues that plaintiff's complaint fails to allege that any City policy, practice, or custom caused the violation of rights alleged by the plaintiff. (Def.'s Br. in Supp. of Mot. to Dismiss at 3-4) Further, municipal liability cannot be based on a theory of *respondeat superior* as set forth in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). (Def.'s Br. in Supp. of Mot. to Dismiss at 3-4) Curiously, plaintiff did not seek leave to amend or to join parties. Instead, it insisted that its complaint establishes constitutional deprivations pursuant to governmental "custom" based upon a "pattern of practice."

Rule 12(b)(6) permits a district court to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a motion filed under this rule, the court must accept as true all well-pleaded factual allegations contained in a complaint and must draw all reasonable inferences in favor of the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 1984; *Baxter Healthcare Corp. v. O.R. Concepts, Inc.*, 69 F.3d 785, 787 (7th Cir. 1995); *Janowsky v. United States*, 913 F.2d 393, 395 (7th Cir. 1990). Moreover, a motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F. 2d 1510, 1520 (7th Cir. 1990).

To withstand a motion to dismiss, a complaint must state facts that set forth the essential elements of a cause of action. *Doherty v. City of Chicago*, 75 F. 3d 318, 326 (7th Cir. 1996). Unless it appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle it to relief, the dismissal motion must be denied. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); *Baxter Healthcare*, 69 F.3d at 787.

Municipalities and other governmental entities are "persons" within the meaning of 42 U.S.C. § 1983, and, as such, may be "sued directly under § 1983 for monetary, declaratory, or injunctive relief [provided] the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. But, the government may be sued under Section 1983 "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-691 (emphasis added). Thus, for a claimant to prevail on a Section 1983 claim against a municipal corporation, it must establish that the violations were part of a custom or policy of the municipality. *See id.* at 692.

The Seventh Circuit summarized relevant Supreme Court cases and found there are three ways by which a municipality may be held liable under § 1983. *Lawrence v. Kenosha County*, 391 F. 3d 837, 844 (7th Cir. 2004). There must be: (1) an express policy that would cause a constitutional deprivation if enforced; (2) a common practice that is so widespread and well settled as to constitute a custom or usage with the force of law even though it is not authorized by written law or express policy; or (3) an allegation that a person with final policy-making authority caused the constitutional injury. *Id*; *see Baxter v. Vigo County Sch. Corp.*, 26 F. 3d 728, 735 (7th Cir. 1994) (superceded by statute on unrelated point) (citations omitted).

In the pending case, none of the three factors set forth in *Baxter* are pleaded in plaintiff's complaint against the defendant City of Milwaukee. Plaintiff complains that members of the Milwaukee Police Department's Vice Squad, visited the plaintiff prior to the

3

start of its presentation of musical show, Naked Boys Singing, to view permits the City requires and that the visit was "highly unusual." (Compl. ¶ 6) Then, an open records request was made by a person to the City's Licensing Bureau to obtain information about the license and procedures concerning production of the show. (Compl. ¶ 8) "The person making the request is a well-known religious zealot who promotes an anti-gay agenda," however, the complaint does not allege that this person is a government official or in any way affiliated with the City. (*Id.*) The next day, the City of Milwaukee Licensing Bureau notified plaintiff that it would have to obtain a "theater license," which plaintiff had not been required to obtain on prior occasions. (Compl. ¶ 10) Clerks in the Licensing Bureau "acknowledged that there had been other theater productions in the past most of which did not have 'theater licenses' and that the Ordinance had not been enforced." (*Id.*) Then, "a high ranking official of the Defendant directed that City of Milwaukee Vice Squad Officers go to a performance of the Show and order that it be shut down immediately." (Compl., ¶ 11) After the show was cancelled, plaintiff felt that it was "being unduly discriminated against because they are a 'gay' organization and, further, that the Defendant was enforcing ordinances, rules and regulations against . . . while they have not enforced said ordinances, rules and regulations under similar circumstances against others." (Compl., ¶ 13) Plaintiff charges that:

> It is clear that, based on past conduct by the Defendant, its agents, servants and employees, there is a pattern of bias and prejudice against minorities and violation of the civil rights of the residents of the City of Milwaukee. Said actions include, but are not limited to, selective enforcement of statutes and rules against minority groups/individuals, the conduct of Police Officers against minority groups/individuals, including harassment, beatings, concealing wrongful conduct by City of Milwaukee employees to protect other City of Milwaukee employees, police action being taken against minorities with

4

> little or no valid justification or by means that exceed what would be reasonable or necessary, including, but not limited to, beating, raiding businesses for minor infractions, threatening to arrest ordinary citizens and treat them like 'common drug dealers' and in other respects.

(Compl. ¶ 17)

The Seventh Circuit has held that courts must not apply a heightened pleading standard in civil rights cases alleging § 1983 municipal liability. *McCormick v. City of Chicago*, 230 F.3d 319, 323 (7th Cir. 2000)(citing *Leatherman v. Tarrant County Narc. Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993)). The *McCormick* court also reasoned that while a plaintiff is not required to allege all of the facts entailed by the claim, a plaintiff is required to set forth operative facts which form the basis of the claim. Id.

Here, plaintiff fails to identify any connection or nexus between its free speech and due process/equal protection claims and an express policy enforced by the City of Milwaukee rather than various individuals. Second, plaintiff fails to allege a connection or nexus between its free speech and due process/equal protection claims and a settled, widespread practice of the defendant City of Milwaukee, not authorized by written law or express policy, that constitutes a custom or usage with the force of law. Finally, plaintiff names as defendant the City of Milwaukee, which is a municipal entity. There is no assertion that any "individual possessed final policymaking authority [respecting the actions at issue] and that such an individual denied . . . [the plaintiff] a constitutional right within the meaning of 42 U.S.C. § 1983." *Looper Maintenance Serv. v. City of Indianapolis*, 197 F.3d 908, 913 (7th Cir. 1999). Allegations regarding a high ranking official are insufficient where there are no allegations that the individual had any policymaking

5

authority. *Id.* This Section 1983 analysis is consistent with the *Looper* case, in which the Seventh Circuit applied the factors set forth in *Baxter* and affirmed the district court's dismissal of Count II of the plaintiff's (i.e., Looper's) third-amended complaint for failing to state a claim upon which relief can be granted. *Looper*, 197 F.3d at 913.

Now, therefore,

IT IS ORDERED that defendant's motion to dismiss is granted.

IT IS FURTHER ORDERED that this case is dismissed without prejudice.

Dated at Milwaukee, Wisconsin, this 11th day of December, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge